**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DONNA FINDLAY, ) | 2:10-cv-01461-ECR-RJJ |
|      Plaintiff, ) | |
| vs. ) | **Order** |
| ALASKA AIR GROUP, INC., a Delaware ) corporation; ALASKA AIRLINES, ) INC., an Alaska corporation; ) HORIZON AIR INDUSTRIES, INC., A ) Washington corporation; and DOES I ) through X and ROE CORPORATIONS XI ) through XX, inclusive, ) | |
|      Defendants. ) | |

Plaintiff sustained injuries while disembarking from a plane from Spokane, Washington to Seattle, Washington while en route to Russia. Plaintiff alleges three causes of action for: (i) violation of the Warsaw and Montreal Conventions; (ii) negligence; and (iii) respondeat superior against all Defendants.

**I. Factual Background**

Plaintiff is a resident of Clark County, Nevada who sustained injuries while disembarking from a plane from Spokane, Washington to Seattle, Washington while en route to Russia. (Compl. ¶ 1 (#1 Ex. A).) Defendant Alaska Air Group, Inc. ("Alaska Air") is a Delaware corporation with its principal place of business in Seattle that conducts business and air carrier operations at McCarran International Airport in Clark County, Nevada. (Id. ¶ 2.) Defendant

1  Alaska Airlines, Inc. ("Alaska Airlines") is an Alaska corporation
2  and international air carrier with its principal place of business
3  in Anchorage, Alaska that conducts business and air carrier
4  operations at McCarran International Airport in Clark County,
5  Nevada. (Id. ¶ 3.)  Defendant Horizon Air Industries, Inc. ("Horizon
6  Air") is a Washington corporation and international air carrier with
7  its principal place of business in Seattle, Washington that conducts
8  business and air carrier operations at McCarran International
9  Airport in Clark County, Nevada. (Id. ¶ 4.)
10       On or about August 17, 2008, Plaintiff was a passenger on an
11 aircraft owned and operated by Defendants Alaska Air and/or Alaska
12 Airlines and/or Horizon Air on international flight #2377, intending
13 to travel from the United States to Russia for business. (Id. ¶ 7.)
14 Plaintiff purchased her ticket for the flight in the United States.
15 (Id.)  Plaintiff began her trip to Russia on a flight between
16 Spokane, Washington and Seattle, Washington. (Id. ¶ 8.)  In Seattle,
17 Plaintiff intended to disembark and board another aircraft to travel
18 from Seattle to Copenhagen, and then from Copenhagen to Moscow.
19 (Id.)  At the Seattle airport, a yellow stepstool was placed at the
20 end of the staircase leading down from the plane for passengers on
21 Plaintiff's flight to use while descending from the aircraft onto
22 the tarmac. (Id. ¶ 9.)  Plaintiff alleges that when she stepped from
23 the last step in the staircase onto the yellow stepstool, the
24 stepstool slipped out from under her foot, causing Plaintiff to fall
25 onto the Tarmac and suffer injury. (Id. ¶ 10.)
26 /   /   /
27 /   /   /
28
                                    2

## II. Procedural Background

Plaintiff filed her complaint (#1 Ex. A) in Nevada state court on July 21, 2010.  The complaint was served on Defendants Alaska Airlines and Horizon Air on July 30, 2010. (Notice ¶¶ 2-3 (#1).) Defendants filed a Notice of Removal (#1) pursuant to 28 U.S.C. § 1446(b) on August 27, 2010.  Defendants filed an answer (#4) to Plaintiff's complaint (#1 Ex. A) on September 2, 2010.  Plaintiff filed a motion (#14) for partial summary judgment as to the applicability of the Warsaw and Montreal Conventions on December 28, 2010 and the imposition of strict liability with respect to the injuries sustained by Plaintiff.  Defendants opposed (#17) and Plaintiff replied (#19).  The motion is ripe, and we now rule on it.

## III. Partial Summary Judgment Standard

A party claiming relief may move the court to render partial summary judgment to dispose of "part of the claim" pursuant to Federal Rule of Civil Procedure 56(a).  Federal Rule of Civil procedure 56 contemplates directing summary judgment on liability even if damages cannot be ascertained as a matter of law. FED. R. CIV. P. 56(d)(2).

Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists. N.W. Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994).  The court must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the

3

1  moving party is entitled to judgment as a matter of law. FED. R.
2  CIV. P. 56(c).  Judgment as a matter of law is appropriate where
3  there is no legally sufficient evidentiary basis for a reasonable
4  jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where
5  reasonable minds could differ on the material facts at issue,
6  however, summary judgment should not be granted. <u>Warren v. City of
7  Carlsbad</u>, 58 F.3d 439, 441 (9th Cir. 1995), <u>cert. denied</u>, 116 S.Ct.
8  1261 (1996).
9
10 **IV. Plaintiff's Motion (#14) for Partial Summary Judgment as to the**
11 **Applicability of the Warsaw and Montreal Conventions.**
12      <u>A. Application of the Warsaw and Montreal Conventions</u>
13      In her motion (#14) for partial summary judgment, Plaintiff
14 asks the Court to find that the provisions of the Montreal and
15 Warsaw Conventions apply to the case at hand and that Defendants are
16 strictly liable for Plaintiff's injuries pursuant to Article 17 of
17 the Warsaw Convention.
18      The parties are in agreement that the terms of the Convention
19 for the Unification of Certain Rules Relating to International
20 Transportation by Air, concluded at Warsaw, Poland on October 12,
21 1929 (the "Warsaw Convention") apply in the instant case. (D.'s
22 Resp. at 3 (#17).)
23      Defendants, however, claim that the provisions of the
24 Convention for the Unification of Certain Rules for International
25 Carriage by Air (the "Montreal Convention") cannot apply here
26 because Russia is not a party to the Montreal Convention. Plaintiff
27 does not contest this claim in her reply (#19). We agree with
28                                  4

Defendants. The Montreal Convention applies, by its terms, only to those parties who have signed the convention. We take judicial notice of the text of the Montreal Convention and the signatories thereto, as published by the International Civil Aviation Organization, and note that Russia is not a signatory to the Montreal Convention. As such, we find that the provisions of the Montreal Convention are not applicable to the case at hand.

### B. Strict Liability

Plaintiff contends that Defendants should be subject to strict liability for the injuries Plaintiff sustained. Article Seventeen of the Warsaw Convention provides that "[t]he carrier is liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Warsaw Convention Art. 17.

Originally, the Warsaw Convention capped liability at approximately $8,300 per passenger. Warsaw Convention Art. 22. In response to the United States' threat to withdraw from the Warsaw Convention if the limits on liability were not increased, air carriers reached the Montreal Agreement of 1966 (the "Montreal Agreement"), which raised the liability limitation to $75,000 for flights originating, terminating or having a stopping point in the United States. See 31 Fed. Reg. 7302 (1966); Wallace v. Korean Air, 214 F.3d 293, 297 (2nd Cir. 2000); Floyd v. Eastern Airlines, 872 F.2d 1462, 1468 (11th Cir. 1989). This resulted in "virtual strict liability" for air carriers. Wallace, 214 F.3d at 297 (citing In re

5

1  <u>Korean Air Lines Disaster of Sept. 1, 1983</u>, 932 F.2d 1475, 1485
2  (D.C. Cir. 1991)).
3       Article 17 of the Warsaw Convention explains that a carrier
4  "shall be liable" for death or bodily injuries of passengers
5  sustained during flight as the result of an "accident."  The Ninth
6  Circuit Court of Appeals has found that the Warsaw Convention
7  "creates an express presumption that any accident is the result of
8  carrier negligence unless the carrier can prove that all necessary
9  measures were taken to avoid damages, or that it was impossible to
10 take such measures." <u>In re Aircrash in Bali, Indonesia on April 22,</u>
11 <u>1974</u>, 684 F.2d 1301 (9th Cir. 1982).  Further, Article 21 of the
12 Warsaw Convention provides that a Court may exonerate the carrier
13 wholly or partly if the carrier proves that the damage was caused by
14 or contributed to by the negligence of the injured person. Warsaw
15 Convention Art. 21.
16      Here, Defendants contend that Plaintiff's motion (#14) for
17 partial summary judgment should be denied because whether Plaintiff
18 was contributorily negligent is a question of fact that Defendants
19 should have an opportunity to prove.  Defendants correctly state
20 that in considering a motion for summary judgment, every inference
21 should be given in favor of the non-moving party. <u>Bagdadi v. Nazar</u>,
22 84 F.3d 1194, 1197 (9th Cir. 1996). (Resp. at 5 (#17).)  At the time
23 the motion (#14) for partial summary judgment was filed, discovery
24 had not yet been completed.  Defendants were therefore unable to
25 pursue discovery on their alleged defense of contributory negligence
26 at the time of Plaintiff's motion (#14).  We therefore find that
27 Plaintiff's motion (#14) for partial summary judgment with respect
28

6

to the imposition of a strict liability standard is premature and will be denied.  Plaintiff may wish to renew her motion for partial summary judgment on this issue.

## V. Conclusion

Plaintiff filed a motion (#14) for partial summary judgment on the issues of the application of the Warsaw and Montreal Conventions and the principle of strict liability with respect to the injuries sustained by Plaintiff.  We have found that the Warsaw Convention, as modified by the Montreal Agreement, applies to this case.  The Montreal Convention does not apply here because Russia is not a party to the Montreal Convention.  We decline to rule that a strict liability standard applies here because Defendants did not have an opportunity to pursue discovery on their alleged defense of contributory negligence at the time Plaintiff's motion (#14) was filed.

**IT IS THEREFORE HEREBY ORDERED THAT** the Plaintiff's motion (#14) for partial summary judgment is **GRANTED** in part and **DENIED** in part: **GRANTED** as to the application of the Warsaw Convention and **DENIED** as to the application of the Montreal Convention and the principle of strict liability to the case at hand.

DATED: July 12, 2011.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

7